FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 21 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OCTOBER KAYLENE RUDY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| | ) 1:12-CV-4431 |
| C2C RESOURCES, LLC, a Louisiana corporation registered to do business in Georgia, | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, October Kaylene Rudy ("Ms. Rudy"), and files this action against Defendant, C2C Resources, LLC ("Defendant"), showing the following:

### Nature of Complaint

1. Ms. Rudy brings this action for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §2000e, *et seq.*, ("Title VII"). Ms. Rudy was terminated because of her observation of Rosh Hashanah, a High Holy Day for her faith. Ms. Rudy also asserts a claim based upon her former employer's failure to pay her federally mandated overtime wages

1

in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, ("FLSA").

## Jurisdiction & Venue

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Northern District of Georgia, Atlanta Division, because Defendant maintains an office in this District and Division and because the conduct complained of occurred in this District and Division.

## Parties

4. Ms. Rudy, Defendant's former employee, is a United States citizen and a resident of this judicial District. At all times material to this action, Ms. Rudy was an "employee" within the meaning of Title VII and the FLSA.

5. Defendant is a Louisiana corporation registered to do business in the State of Georgia. Defendant maintains an office at Suite 100, 56 Perimeter Center East, Atlanta, Georgia, and may be served pursuant to Fed. R. Civ. P. 4 through its registered agent, LexisNexis Document Solutions, Inc., 40 Technology Parkway South, #300, Norcross, Georgia 30092. At all times material to this action, Defendant has been an "employer" within the meaning of Title VII and the FLSA.

## Factual Allegations

6. Ms. Rudy is a Jewish Christian and member of a Messianic Jewish congregation.

7. Ms. Rudy worked for Defendant from 2005 until February 2010 and from June 2011 until September 28, 2011, at which time she was terminated because she observed Rosh Hashanah, a High Holy Day in her religion.

8. During her employment with Defendant, Ms. Rudy had maintained an excellent relationship with her supervisor, John McDougal, including attending a Bible Study hosted by Mr. McDougal on a weekly basis.

9. Mr. McDougal was fully aware of Ms. Rudy's religious convictions, had attended her synagogue with her on occasion, and knew of Ms. Rudy's devotion to her Messianic Jewish faith and to the observance of the High Holy Days, including Rosh Hashanah.

10. On September 23, 2011, Ms. Rudy submitted a written request to be absent from work for Rosh Hashanah, which was to begin in the evening of Wednesday, September 28, 2011 and last until the evening of Thursday, September 29, 2011. Given Ms. Rudy's work schedule, her request was to be absent from work on Thursday, September 29th.

11. On September 27, 2011, Mr. McDougal told Ms. Rudy she would be required to work on Thursday, September 29th, despite her religious convictions. Mr. McDougal told Ms. Rudy that she would be terminated if she did not work on Rosh Hashanah.

12. On September 28-29, 2011, Ms. Rudy observed Rosh Hashanah in the manner required by her religious convictions. Ms. Rudy did not report to work on Thursday, September 29th and was terminated for not reporting to work.

13. Ms. Rudy performed a job in which both she and other employees frequently were allowed to miss single days of work (e.g., for illness, vacation, or other reasons).

14. The only reason given for her termination at that time and in her hearing for unemployment benefits was that Ms. Rudy had missed work to observe Rosh Hashanah.

15. During her employment with Defendant, Ms. Rudy was regularly scheduled to work from 8:30 a.m. until 5:30 p.m., with one hour for lunch from 12:30 p.m. to 1:30 p.m.

16. During her employment with Defendant, Ms. Rudy often reported to work before 8:30 a.m. She also often worked through part or all of her lunch break, and occasionally worked after 5:30 p.m.

17. During her employment with Defendant, Ms. Rudy was paid in a manner that remains unclear. She was told that she would receive a salary of $2,500 per month, but she often was paid less than $2,500 per month, apparently on the basis of the number of hours Defendant claimed that she worked.

18. During her employment with Defendant, Ms. Rudy was never paid more than $2,500 per month, except in connection with a commission plan. She was never paid additional wages for her work before 8:30 a.m., during lunch periods, or after 5:30 p.m.

19. Ms. Rudy, therefore, was effectively employed on an hourly rate and is entitled to pay for all hours that she worked, including overtime pay for all hours beyond 40 in a single workweek.

20. In the alternative, if the court finds that Ms. Rudy was paid on a salary basis, then Ms. Rudy is entitled to recover the amounts that were withheld from her salary and is also entitled to recover overtime pay for all hours worked beyond 40 in a single workweek.

21. All decisions made by Defendant in regard to Ms. Rudy's pay and Ms. Rudy's termination were willful and were made in knowing violation of the requirements of the law regarding pay and religious discrimination.

**Count I: Religious Discrimination (Title VII)**

22. Defendant unlawfully discriminated against Ms. Rudy in the terms and conditions of her employment because of her religious beliefs in violation of Title VII by terminating her employment on September 28, 2011.

23. Defendant is engaged in a business affecting commerce and has employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Defendant is an "employer" as that term is defined in § 701(b) of Title VII.

24. Prior to filing this lawsuit, Mr. Rudy filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendant. On September 28, 2012, the EEOC issued a Notice of Right to Sue to Ms. Rudy. A copy of the Notice of Right to Sue is attached hereto as Exhibit A. All other conditions precedent to the institution of this lawsuit have been fulfilled.

25. As a proximate result of Defendant's discriminatory termination of Ms. Rudy, Ms. Rudy has suffered actual and compensatory damages, including the loss of back wages, future income, fringe benefits, and opportunities for advancement, all in amounts to be determined at trial. In addition, Ms. Rudy has suffered emotional distress and humiliation as a result of Defendant's actions. Ms.

Rudy is also entitled to recover attorney fees and costs incurred in bringing this action.

26. Defendant's conduct alleged in this Complaint was willful, wanton, intentional, and in reckless and callous disregard of Ms. Rudy's federally-protected rights.

27. Ms. Rudy therefore seeks direct damages, compensatory damages, punitive damages, attorney fees, and costs arising as a result of her termination for missing a single day of work because of her religious convictions.

### Count II: Failure to Pay Overtime Wages (FLSA)

28. Defendant violated the FLSA, 29 U.S.C. § 207, by failing to pay Ms. Rudy the wages to which she was entitled for the hours she worked, including overtime wages for time that Ms. Rudy worked in excess of forty (40) hours in a workweek.

29. As a result of Defendant's failure to pay Ms. Rudy the wages to which she was entitled, Ms. Rudy is entitled to recover both her actual damages (lost wages) and liquidated damages, as well as attorney fees and costs, pursuant to 29 U.S.C. § 216(b).

### Prayer for Relief

WHEREFORE, Ms. Rudy respectfully requests that this Court:

1. Award Ms. Rudy reinstatement, her lost wages, front pay (in the event that reinstatement is not ordered), compensatory damages, and punitive damages for the violation of her rights under Title VII;

2. Award Ms. Rudy her unpaid wages, including overtime wages, and liquidated damages as required under the FLSA;

3. Award Ms. Rudy her reasonable costs and attorney fees under both Title VII and the FLSA; and

4. Grant such further relief as this Court deems just and proper.

Respectfully submitted, this 20th day of December, 2012.

OF COUNSEL:
FULCHER HAGLER LLP
One 10th Street, Suite 700
Post Office Box 1477
Augusta, GA 30903-1477
(706) 724-0171

JOHN E. PRICE
Georgia Bar No. 142012
JAMES W. ALLEN
Georgia Bar No. 16075
*Attorneys for Plaintiff*

| EEOC Form 161-B (11/09) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|
| | **NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)* | |
| To: October K. Rudy<br>3007 Octavia Circle<br>Marietta, GA 30062 | | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2012-01066 | Irene E. Carter,<br>Investigator | (404) 562-6853 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

SEP 28 2012
*(Date Mailed)*

Enclosures(s)

cc: Todd Tinkler
Owner
C2C RESOURCES, INC.
56 Perimeter Center East, Suite 100
Atlanta, GA 30341

Alan Reinach, Esq.
Church State Counsel
2686 Townsgate Road
Westlake Village, CA 91361



Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this** date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*